The case of *Ives* v. *Canby*, 48 Fed. 718 is very similar to the case at bar and holds the devise to be demonstrative.

Counsel for the executor insists that the preposition "of" is significant and is consistent only with the theory of a specific bequest of the bonds. While such construction is possible, yet we have no hesitancy in holding that such construction does not clearly follow.

Under what we consider to be the almost unanimous trend of authority we are bound to hold that the provision above quoted creates a demonstrative legacy in favor of Darien C. Hamilton and that in the absence of the bonds referred to the legatee is entitled to have the same satisfied out of other funds of the estate not specifically devised. Decree accordingly.

**Kunkle** and **Ferneding, JJ.**, concur.

---

## NEGLIGENCE.

[Cuyahoga (8th) Court of Appeals, October 15, 1917.]

Carpenter, Grant and Lieghley, JJ.

PENNSYLVANIA CO. v. MICHAEL HART.

**Last Chance Doctrine not Extended Beyond Actual Knowledge.**

The doctrine of last chance has not been extended beyond actual knowledge of a person charged with inflicting the injury upon which a cause of action is based; hence, an instruction extending the application of the doctrine to include those who by ordinary prudence might have had notice of injured's predicament is erroneous.

ERROR to Cleveland Municipal Court.

*Squire, Sanders & Dempsey* and *Ellis R. Diehm*, for plaintiff in error.

*Gaughan & Collins* and *Anthony Gaughan*, for defendant in error.

**CARPENTER, J.**

Michael Hart filed his petition in the Municipal Court, stating that he, as an employe of Fred Preston, was riding with

Cuyahoga County Appeals.

said Preston in his automobile truck; and as they approached the tracks of the defendant railroad company which crosses the highway upon which they were riding, said Preston was driving his said car and was seated on the right-hand side of the driver's seat, and that the plaintiff was sitting on the left; that before driving over said tracks, plaintiff looked to the left to watch for approaching trains and said Preston undertook to look to the right. No trains were observed by plaintiff and so Preston drove his machine onto said crossing, when a rapidly moving train struck the truck and injured plaintiff.

The principal allegation of negligence was that the defendant's servants operating the approaching train failed to stop the said train in time to avoid hitting the said automobile truck, although the crew in charge of said train saw or could have seen, by the use of reasonable care, the automobile on said railroad crossing in a helpless and dangerous position, in time to stop said train and avoid said collision.

There is evidence that the fireman on the engine, when about one-half mile away, saw the auto approaching the track, but his duties demanded his attention to firing the engine, and when he returned, he saw the truck at a distance of about sixty or seventy feet ahead, approaching the rail. He said he shouted to the engineer, "We are going to hit that fellow and he, the engineer, applied the brakes immediately and sounded the whistle before he applied the brakes immediately after the whistle was blown." The train was going at the rate of about fifty miles per hour. Inasmuch as the plaintiff-in-error complains that the court erred in improperly charging the doctrine of the "last chance," we shall confine ourselves to this proposition alone. Without quoting further in the charge, it will be sufficient, in presenting the question, to note that the court, at the request of plaintiff, gave the following charge:

"It is not necessary that the defendant should actually know of the danger to which plaintiff is exposed; it is enough if, having sufficient notice to put a prudent man on the alert, he does not take such precautions as a prudent man would take under similar notices."

It may be conceded that the doctrine of "last chance" has undergone modification by relaxation of the rigid rule which

denies a plaintiff, under all circumstances, any recovery for the negligence of the defendant; but, so far as we are aware, from a careful examination of the authorities in this state, that modification has not been extended beyond actual knowledge of a person charged with inflicting the injury.

In the case of *Cincinnati, H. & D. Ry.* v. *Kassen,* 49 Ohio St. 230 [31 N. E. 282; 16 L. R. A. 674], the court in its opinion says that the trial court properly instructed the jury that the employes operating the train which ran over Kassen were without fault; they had no notice that he was on the track and we are not required to anticipate his presence there. Until they discovered him, they were justified in running the train as if the track was clear.

In the case of *Erie Ry.* v. *McCormick,* 69 Ohio St. 45 [68 N. E. 571], Mr. Justice Shauck, in the course of his opinion, says:

"The doctrine of the case (last clear chance) can have no application when neither the company nor its employes operating the train by which the injury is inflicted may be charged with actual knowledge. The rule of liability applies only when there is actual knowledge of those operating the train inflicting the injury, which knowledge is imputed to the company, or the actual knowledge of the company derived through other means, with opportunity to communicate it to those operating the train.

"*By introducing into the instruction given the phrase—'if the engineer in charge of the train ought by the exercise of ordinary care to have seen the deceased in his perilous position,' and by other expressions in the charge involving the same conception, the Court gave to the jury an erroneous view of the law.*"

And this doctrine is expressly incorporated in the syllabus of the case. Judge Davis says in his opinion in the case of *Drown* v. *Traction Co.* 76 Ohio St. 234, 247 [81 N. E. 326; 10 L. R. A. (N. S.) 421; 118 Am. St. 844]:

"The doctrine of the 'last chance' has been clearly defined by a well-known text-writer as follows: 'Although a person comes upon the track negligently, yet if the servants of the rail-

way company, after they see his danger, can avoid injuring him, they are bound to do so.' "

To the same effect are the cases of *Cincinnati Traction Co. v. Edwards*, 38 O. C. C. 436 (22 N. S. 539) ; and *Cleveland, C. C. & St. L. Ry. v. Gahan*, 24 O. C. C. 277 (1 N. S. 205).

Thus far the foregoing cases have not been overruled. We are not unmindful of the opinion rendered in the case of *West v. Gillette*, 95 Ohio St. 305 [116 N. E. 521]. While the discussion there is made of the last chance, we are of the opinion it is not in this case, or if it is, the facts are the other way; and the syllabus fails to express further extension of the doctrine of "last chance."

It follows that the court erred in refusing to grant the motion of defendant below to direct the jury as requested.

The judgment of the Municipal Court is reversed.

**Grant** and **Lieghley, JJ.,** concur.